# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEBRINA SPRAGGINS, as parent and next friend of NIKHI CALLOWAY, a minor, | ) ) ) |
| Plaintiff, | ) Case No. ) |
| vs. | ) Judge ) |
| NIKITA BROWN and the CHICAGO BOARD OF EDUCATION, | ) Magistrate Judge ) ) JURY DEMAND |
| Defendants. | ) ) |

## COMPLAINT

**NOW COMES** the Plaintiff, NIKHI CALLOWAY, a minor, by and through his parent and next friend, DEBRINA SPRAGGINS, and through counsel Erickson & Oppenheimer, complaining against the Defendants, NIKITA BROWN and the CHICAGO BOARD OF EDUCATION, as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4. The Plaintiff, Nikhi Calloway, is a 9 year old resident of the Northern District of Illinois.

5. Debrina Spraggins is the mother of minor Nikhi Calloway and is a resident of the Northern District of Illinois.

6. On information and belief, the Defendant, Nikita Brown, was at all relevant times a teacher at Carter G. Woodson Elementary School in the City of Chicago and an employee and agent of the Chicago Board of Education acting within her scope of employment and under color of law.

7. Defendant, Chicago Board of Education, is a school system in Chicago, Illinois in charge of the management and operation of Carter G. Woodson Elementary School located at or about 4414 S. Evans Ave. in Chicago, Illinois.

**FACTS**

8. On or about March 1, 2016, Nikhi was a 4th grade student in a special needs classroom at Carter G. Woodson Elementary School.

9. Defendant Brown was Nikhi's teacher.

10. The Defendant approached Nikhi and exchanged words with him.

11. The Defendant then instructed the other students in the room to leave and they complied.

12. The Defendant then grabbed Nikhi, pushed him against a table, and choked him.

13. The Defendant then grabbed Nikhi by his clothes and dragged him out of the room.

14. The Defendant proceeded to drag Nikhi down the stairs all the way to the principal's office located on a different floor.

15. The Defendant's actions and use of physical force were committed without just cause or provocation.

16 Nikhi was taken by ambulance from the school to the hospital.

17. Nikhi suffered physical injuries as a result of the Defendant's conduct.

18. The incident was captured on video.

19. Defendant Brown was terminated from her employment within a few days.

20. Defendant Brown was arrested on or about March 16 by the Chicago Police Department and has been charged with aggravated battery to a child.

### COUNT I—SUBSTANTIVE DUE PROCESS VIOLATION

21. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

22. The actions of the Defendant as set forth hereto constitute a violation of Plaintiff, thus violating his rights under the United States Constitution and 42 U.S.C. Section 1983.

23. Said actions of the Defendant were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

24. Said actions of the Defendant were objectively unreasonable under the circumstances.

25. As a direct and proximate consequence of the Defendant's conduct, the Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

### COUNT II— BATTERY

26. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

27. As set forth hereto and without the consent of Plaintiff, the Defendant offensively touched Plaintiff intentionally, with malice, and without justification.

28. As a direct and proximate result of the Defendant's actions, Plaintiff suffered bodily harm.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant for an award of reasonable compensatory and punitive damages, plus costs.

### COUNT III—INDEMNIFICATION

29. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

30. At all relevant times, Defendant Chicago Board of Education was the employer of Defendant Brown

31. Defendant Brown committed the acts alleged above under the color of law and in the scope of his employment as an employee of the Chicago Board of Education.

32. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

33. As a proximate cause of Defendant Brown's unlawful acts, which occurred within the scope of her employment, Plaintiff was injured.

**WHEREFORE**, should Defendant Brown be found liable on one or more of the federal claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant Chicago Board of Education be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

### COUNT IV—*RESPONDEAT SUPERIOR*

34. Each of the paragraphs above is incorporated by reference as though fully stated herein.

35. In committing the acts alleged in the preceding paragraphs, the individual Defendant was an agent of the Chicago Board of Education and was acting at all relevant times within the scope of her employment and under color of law.

36. Defendant Chicago Board of Education is liable as principal for all torts committed by its agents.

WHEREFORE, should Defendant Brown be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant Chicago Board of Education be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Ronak Maisuria

Erickson & Oppenheimer, Ltd.
223 West Jackson Boulevard
Suite 200
Chicago, Illinois 60606
Telephone: (312) 327-3370
Email: ronak@eolawus.com